RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 02, 26, 10

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  09-cr-0293** |
| **VERSUS** | **JUDGE HAIK** |
| **ANGELA GRAY - (02)** | **MAGISTRATE JUDGE HANNA** |
| **LAURA WELLS - (03)** | |
| **BARBARA SANDERS - (04)** | |
| **MARICH ANDERSON - (05)** | |
| **HARRIET WILLIAMS - (06)** | |
| **PAULA BELL - (08)** | |
| **SHEILA BLEVINS - (12)** | |

## *RULING AND*
## *REPORT AND RECOMMENDATION*
### *(Rec. Docs. 143, 144, 146, 147, 148, 162, 166, 177, 189, 191, 193, 207, 208, 209, 210, 211, 212, 213, 214)*

The jury trial of the matter is set for May 17, 2010.  Numerous motions filed by defendant Blevins, which were adopted by defendants Gray, Wells, Sanders, Anderson, Williams and Bell, are pending before the Court, including a motion to dismiss Count One of the indictment,  motion to sever, motion for bill of particulars, motion for discovery and a motion *in limine*.  The government has filed responses to each of the motions.

For the following reasons, it is recommended that the motions to dismiss filed by Blevins and adopted by Bell, Wells, Sanders and Anderson (Rec. Docs.

2

146, 191, 209, 212 and 214) be **denied**; the motions for bill of particulars filed by Blevins and adopted by Wells, Sanders and Anderson and the motion for bill of particulars filed by Bell (Rec. Docs. 143, 177, 207, 211 and 213) are **granted in part and denied in part**; the motions to sever filed by Blevins and adopted by Bell, Wells, Sanders and Anderson (Rec. Docs. 148, 193, 210, 212 and 214) are denied; the motions for additional discovery filed by Blevins and adopted by Wells, Sanders and Anderson (Rec. Docs. 144, 208, 211 and 213) are **granted in part, denied in part as premature and denied in part as moot**; and the motions *in limine* filed by Blevins and adopted by Gray, Williams, Bell, Wells, Sanders and Anderson  (Rec. Docs. 147, 162, 166, 189, 210, 212 and 214) are **denied as premature**.

## *BACKGROUND*

Defendants are seven of fourteen individuals charged in a fifty-seven count indictment.  The government alleges that the defendants, employees of the Office of Family Support (OFS), fraudulently diverted federal monies meant for the needy as a result of the effects of Hurricanes Katrina, Rita, Ike and Gustav, and funneled it to individuals who were not entitled to the benefits, including themselves, their friends and families, and other ineligible persons, in the Franklin, Louisiana area and elsewhere.

3

Count One of the indictment charges all fourteen defendants with conspiring to commit wire fraud as follows:

## COUNT 1

### 18 U.S.C. § 1349

### CONSPIRACY TO COMMIT WIRE FRAUD

Beginning on or about the 1st day of September, 2005 and continuing until on or about the 31st day of October, 2008, in the Western District of Louisiana, and elsewhere, the defendants, TERESA HAWKINS, ANGELA GRAY, LAURA WELLS, BARBARA SANDERS, MARICH ANDERSON, HARRIET WILLIAMS, EDIE HARRISON, PAULA BELL, ANDREA BROUSSARD, DOROTHY REEDOM, TAWANA CARSON aka Tawana Colbert, SHEILA BLEVINS, FELICIA CARROLL and BARBARA SONIA, did knowingly and intentionally conspire together and with others both known and unknown to the United States to commit a crime against the United States, that is wire fraud, in violation of Title 18 United States Code, Section 1343.

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was to obtain and disburse money from the Federal Government, in the form of United States Department of Agriculture disaster funds, to which the persons who received the funds were not entitled.

### MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that the Office of Family Support (OFS) employees, including the defendants  TERESA HAWKINS, ANGELA GRAY, LAURA WELLS, MARICH ANDERSON, HARRIET WILLIAMS, EDIE HARRISON, PAULA BELL, ANDREA BROUSSARD, DOROTHY REEDOM, TAWANA CARSON aka

4

Tawana Colbert, and SHEILA BLEVINS, and other state employees, including the defendants, BARBARA SANDERS, FELICIA CARROLL and BARBARA SONIA, in the St. Mary Parish's OFS in Franklin, Louisiana, fraudulently diverted portions of federal monies, which were meant for the needy during times of disaster (specifically: Hurricanes Katrina, Rita, Ike and Gustav) and funneled it to persons who were not entitled to those federal benefits including but not limited to, themselves, family, friends and other ineligible persons residing both in the Franklin, Louisiana area and elsewhere.

**OVERT ACTS**

In order to accomplish the object of the conspiracy and in attempting to do so, the following overt acts, among others, were accomplished in the Western District of Louisiana.

The United States incorporates Counts 2 through 53 of the Indictment as overt acts as if fully stated herein.

All in violation of Title 18 United States Code, Section 1349.

The government charged specific defendants with the following overt acts:

**Angela Gray - (02)**

Gray is charged with two counts of wire fraud, in violation of Title 18 U.S.C. § 1343, in counts 11 and 15, in the amounts of $115.07 and $27.65. She is also charged with seven counts of theft of public money, in violation of Title 18 U.S.C. §§ 641 & 2, in counts 21-24 and 29-31, allegedly occurring on various dates in 2005 and 2008, in the amounts of $162.00, $176.00, $542.00, $588.00, $499.00, another $499.00, and another $499.00.

5

## Laura Wells - (03)

Wells is charged with three counts of wire fraud, in violation of Title 18 U.S.C. § 1343, in counts 4, 5 and 17, in the amounts of $26.96, $109.81 and $24.45.  She is also charged with thirteen counts of theft of public money, in violation of 18 U.S.C. §§641 & 2, in counts 25-31, 34-35, 40-41, and 52-53, allegedly occurring on various dates in 2005 and 2008, in the amounts of $393.00, $399.00, $722.00, another $722.00, $499.00, another $499.00, another $499.00, another $393.00, another $393.00, $298.00, $323.00, $426.00, and $463.00.

## Barbara Sanders - (04)

Sanders is charged with four counts of wire fraud, in violation of 18 U.S.C.§1343, in counts 6, 7, 10, and 16 in the amounts of $304.47, $332.31, $293.89, and $16.08.   She is also charged with eleven counts of theft of public money, in violation of 18 U.S.C. §§641 & 2, in counts 27-35, and 52-53, allegedly occurring on various dates in 2005 and 2008, in the amounts of $722.00, another $722.00, $499.00, another $499.00, another $499.00, $426.00, $463.00, $393.00, another $393.00, another $426.00, and another $463.00.  She is also charged with one count of making a false statement to a federal agent in violation of 18 U.S.C. §1001 in Count 55.

6

## Marich Anderson  - (05)

Anderson is charged with two counts of wire fraud, in violation of 18 U.S.C §
1343, in counts 2 and 12, in the amounts of $64.91, and $78.59. She is also charged
with eight counts of theft of public money, in violation of 18 U.S.C. §§ 641 & 2, in
counts 34-41, allegedly occurring on various dates in 2005 and 2008, in the amounts
of $393.00, another $393.00, $298.00, $323.00, $426.00, $463.00, another $298.00,
and another $323.00.

## Harriet Williams - (06)

Williams is charged with twelve counts of theft of public money, in violation
of 18 U.S.C. §§ 641 & 2, in counts 21-24, 32-33, 42-47, allegedly occurring on
various dates in 2005 and 2008, in the amounts of $162.00, $176.00, $542.00,
$588.00, $426.00, $463.00, $162.00, $176.00, another $162.00, another $176.00,
another $542.00 and another $588.00.

## Paula Bell - (08)

Bell is charged with one count of wire fraud, in violation of 18 U.S.C. §1343,
in count 14, in the amount of $53.51.  She is also charged with two counts of theft of
public money, in violation of 18 U.S.C. §§ 641 & 2, in counts 50 and 51, allegedly
occurring on various dates in 2005 and 2008, in the amounts of $592.00 and another

7

$592.00  Bell is also charged with making a false statement to a federal agent in violation of 18 U.S.C. § 1001.

## Sheila Blevins - (12)

Blevins is charged with four counts of theft of public money, in violation of 18 U.S.C. §§ 641 & 2, in counts 38-39 and 48-49, allegedly occurring on various dates in 2008, in the amounts of $426.00, $463.00, $452.00, and $588.00.

### THE MOTIONS AND ANALYSIS

1.   **Motion to Dismiss Count One of the Indictment** - filed by defendant Blevins and adopted by Bell, Wells, Sanders and Anderson - (Rec. Docs. 146, 191, 209, 212 and 214).

Blevins seeks to dismiss the conspiracy count  based on the argument that she has only been charged with theft of public money and has *not* been charged with a substantive count of wire fraud.  Further, she argues there is no allegation that connects the alleged thefts to the alleged conspiracy. Therefore,  since the government has not shown she intended to commit wire fraud, she cannot be guilty of conspiracy to commit wire fraud.

Fed. R. Crim. P. 12 provides in pertinent part:

(3) Motions That Must Be Made Before Trial. The following must be raised before trial:

* * *

8

(B) a motion alleging a defect in the indictment or information--but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense; . . .

It is well settled that the constitutional requirements of an indictment are basically two-fold:

'(f)irst, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'

United States v. Resendiz-Ponce, 549 U.S. 102, 108, 127 S.Ct. 782,788 (2007) *quoting* Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 288, 741 L.Ed.2d. 590 (1974).

The issue before the court is whether the indictment sufficiently alleges a crime of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in the absence of an allegation that the defendant actually violated the substantive offense of wire fraud (18 U.S.C. § 1343).[1]

---

[1] 18 U.S.C.A. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

9

The federal conspiracy statute, 18 U.S.C. § 371, makes it a crime for two or more persons to conspire to commit any offense against the United States or to defraud the United States or its agencies in any manner and requires that one or more of such persons perform an overt act to effect the object of the conspiracy. 18 U.S.C.A. § 1349 further provides that "[a]ny person who attempts or conspires to commit any offense under this chapter [Mail Fraud and Other Fraud Offenses] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

"Conspiracy and the related substantive offense which is the object of the conspiracy are separate and distinct crimes. . . . It is well established that acquittal on the substantive count does not foreclose prosecution and conviction for a related conspiracy." U.S. v. Romeros, 600 F.2d 1104, 1105 (5th Cir. 1979). A defendant may be convicted of conspiracy even though he played only a minor role in the scheme as long as he understood the unlawful nature of the activity and knowingly or intentionally joined it on at least one occasion. U.S. v. Thorn, 917 F.2d 170, 173 (5th Cir. 1990).

_____

10

Blevins correctly points out that a "conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." Ingram v. United States, 360 U.S. 672, 678, 79 S.Ct. 1314, 1319 (1959). In United States v. Sneed, 63 F.3d 381,385 (5th Cir. 1995) the court held that to be guilty of conspiracy to commit mail fraud, the defendant must have had the requisite intent to commit mail fraud. However, the absence of an allegation of a violation of the substantive offense is not fatal to the indictment provided the defendant is on notice of the elements of the crime with which he is charged.  As the court noted:

> 'The members of a conspiracy which functions through a division of labor need not . . . be privy to the details of each aspect of the conspiracy' . . . 'although each element of the conspiracy charge must be proved beyond a reasonable doubt, no element need be proved by direct evidence, but may be inferred from circumstantial evidence' . . . Thus, the jury may infer an agreement from concert of action, voluntary participation from a collocation of circumstances, and knowledge from surrounding circumstances.

Id., at 386. (citations omitted)

With respect to the offense of wire fraud, in order to obtain a conviction the "government must prove beyond a reasonable doubt that the defendant: (1) engaged in a scheme to defraud and (2) used, or caused the use of, wire communications in furtherance of that scheme." U.S. v. Ford , 558 F.3d 371, 375 (5th Cir. 2009) (citing

11

United States v. Rivera, 295 F.3d 461, 466 (5th Cir.2002). Therefore, the level of intent for conviction of the substantive offense of wire fraud, just as is the case with mail fraud, is knowing participation in an unlawful scheme to defraud.

With respect to conspiracy, a jury must be convinced beyond a reasonable doubt that: (1) "two or more persons, directly or indirectly, reached an agreement to devise and execute a scheme to defraud;" (2) "the defendant knew the unlawful purpose of the agreement;" and (3) "the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose." *See* Ford, at 375.

Thus, a charge of conspiracy to commit wire fraud does not require that all defendants to the conspiracy charge have committed the crime of wire fraud, rather, it is sufficient to allege that they knowingly participated in a scheme to defraud the government where it is reasonably foreseen or contemplated that wire communications would likely be used. Sneed, at 385 and cases cited therein.

Blevins's argument that the government cannot show that she intended to commit wire fraud because it has alleged that the only overt acts she committed were theft is a *non-sequitur* in a motion to dismiss an indictment. An overt act of theft of public funds could be used as circumstantial evidence to infer that the defendant had the requisite knowledge of the scheme to defraud and knowingly participated in that scheme. Indeed, there may be no other crime of which a defendant is found guilty

12

besides the crime of conspiracy if the overt act does not rise to the level of a crime for which a conviction can be obtained. It is enough that the government allege that the defendant knowingly participated in a scheme to defraud in order for the intent element to be satisfied as that is the intent required for the substantive offense of wire fraud.

As to the other defendants who adopted this motion, Bell, Wells, Sanders, and Anderson, the record reflects that all of them have been charged with wire fraud and any argument based on the assumption that they were not so charged is nonsensical.

The requirements of Ford, *supra*, are satisfied: Count 1 alleges that (1) the 14 defendants (2) did knowingly and intentionally (3) conspire together and with others (4) to fraudulently divert federal funds in connection with Hurricanes Katrina, Rita, Ike, and Gustav, (5) by funneling the money to themselves and others who were not entitled to the money, (6) and used, or caused to be used, wire communications to further that purpose.

Therefore, the undersigned finds that the Count One of the indictment sets forth the elements of the conspiracy crime, fairly informs defendants of the charge against which they must defend, and enables them to adequately to plead an acquittal or conviction in bar of future prosecutions for the same offense. Accordingly, the

13

undersigned recommends that the motion to dismiss Count One of the indictment should be denied.

2. **Motion for Bill of Particulars** - filed by Blevins, adopted by, Wells, Sanders and Anderson, and the motion filed by Bell (Rec. Docs. 143, 177, 207, 211 and 213).

Blevins and Bell argue they are entitled to a Bill of Particulars under Fed. Rule Cr. P. 7(f) and 12 (b), as well as the Fifth and Sixth amendment to the Constitution. In the case of Blevins, the conspiracy is alleged to have occurred over a period of three years - from September 1, 2005 to October 31, 2008. Blevins is charged with conspiracy to commit wire fraud and 4 overt acts in the form of theft of public money which allegeedly occurred in September and October of 2008. Blevins argues that the government must give the particulars of her entry into the conspiracy since she charged with only four counts of theft that occurred at the end of the conspiracy (Counts 38-39, and 48-49). Blevins also seeks identification of all unindicted co-conspirators and identification of their alleged overt acts. Wells, Sanders, and Anderson have adopted this motion.

In her motion, Bell seeks : (1) the exact language the defendants allegedly used to indicate they knowingly agreed to commit the crimes charged in the indictment; (2) dates and places, including street addresses, when and where the crimes were allegedly committed; (3) names and addresses of persons present when defendants allegedly

14

committed the crimes; (4) other acts that the conspirators committed, including which conspirator participated in the act, what the purpose of the act was, where and when the act was committed and the identification of witnesses present. Bell also seeks the date and nature of the act when she allegedly first manifested she was part of the conspiracy, her last act in furtherance of the conspiracy and whether the government is charging her with aiding and abetting in the commission of a crime. She also seeks the names of unindicted co-conspirators.

The government responds that the indictment goes into "great detail describing exactly what the object and manner and means of the conspiracy were." Further, there is no basis to turn over a statement outlining exactly when a defendant joined the conspiracy, that it is impossible to say exactly when a defendant joined the conspiracy and the government is not required to prove that in any event.

With regard to the names of unindicted co-conspirators, the government argues the detail of the indictment is such that, pursuant to <u>United States v. Hawkins,</u> 661 F.2d 436 (5th Cir. 1981), it should not be required to do so, however, if ordered, the government will turn over what names it has.

"The purpose of a bill of particulars is to apprise a defendant of the charge against him with sufficient precision to enable him to prepare his defense" and prevent unfair surprise. <u>United States v.Montemayor,</u> 703 F.2d 109, 117 (5th Cir.

15

1983) citing United States v. Horton, 526 F.2d 884, 887 (5th Cir. 1976).  A bill of particulars is not a means to obtain general discovery. United States v. Davis, 582 F.2d 947, 951 (5th Cir.1978).   Moreover, it may not be used "for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." Downing v. United States, 348 F.2d 594, 598 (5th Cir. 1965).

"Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." United States v. Ramirez, 233 F.3d 318, 323 (5th Cir.2000), overruled on other grounds by United States v. Longoria, 298 F.3d 367 (5th Cir.2002).

Blevins's argument that she needs the particulars of her entry into the conspiracy is conclusory.  She gives no factual basis to support her claims that these particulars are "necessary" to avoid surprise at trial.  The indictment contains a detailed list of the overt acts of theft each of the alleged conspirators, the method by which the theft occurred and the time period of each.  Accordingly, the undersigned finds that Blevins's request for more particulars of her entry into the conspiracy to be without merit.

Bell also argues in a conclusory fashion that she needs information but fails to demonstrate with any specificity why the information is necessary for her to avoid surprise at trial.  "A defendant should not use the Bill of Particulars to

16

'obtain a detailed disclosure of the government's evidence prior to trial.'" <u>U.S. v.</u> <u>Kilrain</u>, 566 F.2d 979, 985 (5th Cir. 1978). Because Bell has not supported her request but appears to simply be fishing for a detailed account of the government's evidence, the undersigned concludes that her motion, with the exception of the names of her unindicted co-conspirators will be denied.

With regard to the disclosure of unindicted co-conspirators, there is generally no right to a list of names and addresses of government witnesses through a bill of particulars. <u>United States. v. Pena</u>, 542 F.2d 292, 294 (5th Cir. 1976). However, a bill of particulars is the proper procedure for the defendant to discover the names of unindicted alleged coconspirators, if the government will call such persons as witnesses at trial. <u>United States v. Hughes</u>, 817 F.2d 268, 272 (5th Cir. 1987), citing <u>United States v. Barrentine</u>, 591 F.2d 1069, 1077 (5th Cir. 1979).

The government opposes the motion because of the detail of its indictment but promises to promptly provide the list of names of which it is aware upon court order. Therefore, considering the government's acquiescence, an order will be entered for the government to provide the names of unindicted co-conspirators no later than two weeks before trial, and to the extent the information constitutes <u>Brady</u> or <u>Giglio</u> material, or otherwise falls within ambit of Section II(c) of the

scheduling order, the government is under an obligation to provide that information in accordance with the deadlines set forth in the scheduling order.

Finally, the undersigned finds that Blevins has not shown how a description of her unindicted co-conspirators' overt acts in furtherance of the conspiracy is necessary for her to avoid surprise at trial.  The indictment contains 56 counts detailing the overt acts which the named defendants allegedly committed, the bulk of which allege theft of public money and wire fraud but also include charges that defendants Sanders, Harrison and Bell made false statements to a federal agent in violation of 18 U.S.C. § 1001.  As such, it cannot come as a surprise, at least at this juncture, that the government will offer evidence at trial going to these matters. However, out of an abundance of caution, an order will be entered  requiring the government to affirm that the alleged overt acts of Blevins's un-indicted co-conspirators concern the same charges as set forth in the instant indictment.

Accordingly, the motions for bill of particulars will be granted in part, and denied in part.

3.    **Motion to Sever** - filed by defendant Blevins and adopted  by defendants Bell, Wells, Sanders and Anderson. (Rec. Docs. 148, 193, 210, 212 and 214).

Blevins argues she is misjoined under Fed. R. Crim. P. 8(b), therefore requiring mandatory severance, because the government has not charged her with

wire fraud but only theft of public money.  Since she is not charged with wire

fraud, Blevins argues there is no nexus between her alleged overt acts and the

alleged conspiracy.  Stated differently, Blevins contends that even though each

defendant does not have to be charged with each offense, there must be a common

activity which embraces all charged offenses to justify joinder.  Blevins asserts

there is no allegation of such a common activity.  Alternatively, Blevins argues,

because she is only charged with four counts of theft of public money, in very

small amounts, in the last few weeks of a multi-year conspiracy, her joinder with

the other defendants is prejudicial within the intent of  Fed. R. Crim. P. 14.  Finally,

Blevins requests that all statements of the defendants that the government intends

to introduce be provided to the court for *in camera* inspection to determine if any

issues exist that might warrant a severance under Bruton v United States, 391 U.S.

123, 88 S.Ct. 1620 (1968).

**Misjoinder under Fed. R. Crim. P. 8**

"As a general rule, those indicted together should be tried together,

especially when conspiracy forms one of the charges. " U.S. v. Wheeler, 802 F.2d

778, 781 -782 (5th Cir. 1986).

Fed. R. Crim. P. 8 provides in pertinent part:

19

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In <u>U.S. v. Nettles</u> , 570 F.2d 547, 551 (5th Cir. 1978) the Fifth Circuit, citing

<u>United States v Marionneaux</u>, 514 F.2d 1244, 1248-1249 (5th Cir. 1975), held:

Misjoinder of defendants under Rule 8(b) is "inherently prejudicial" and, therefore, the granting of a motion for severance, where misjoinder is found, is mandatory and not within the discretion of the trial court.

Rule 8(b) requires that defendants participate "in the same series of acts or transactions". To make joinder proper, this court has held the rule requires a "substantial identity of facts or participants" between two offenses.

Blevins admits that the conspiracy charge *does* suggest a joint effort by the

defendants.  Blevins, however, relies on <u>Nettles</u> to support her theory that theft

charges do not bring her into the realm of a conspiracy to commit wire fraud and

that the involvement of the same parties in the substantive counts of wire fraud as

in the conspiracy count is insufficient to justify joinder .

In <u>Nettles</u>, two of the defendants in the case, Robinson and Nettles, were

owners of two separate gambling operations.  Several of the other defendants were

police officers who were providing "protection" to Robinson and Nettles' gambling

operations.   The government charged the defendants, including another gambling operator, with three separate conspiracies to obstruct law enforcement with the intent to facilitate the illegal gambling businesses.   The defendant gambling operators had no connection whatsoever with each other and their operations were entirely separate. The only connection between the two operations was the police officers who were providing "protection" to each operator.

To the contrary, here, although some of the defendants are charged solely with theft and some are charged with both theft and wire fraud, there is allegedly one common enterprise - to obtain and disburse money from the government in the form of hurricane disaster relief funds, to persons who were not entitled to receive them.  Each defendant was alleged to be an employee of the Office of Family Support. Each of the defendants allegedly furthered the object of the conspiracy through theft by submitting false applications for relief for assistance, and/or through wire transfers on EBT cards.  However, all of the substantive counts deal with acts committed by the defendants in furtherance of the single, ongoing conspiracy - to fraudulently divert funds from the federal government to themselves or others who were not entitled to them.

It is clear from these allegations that there will be a substantial identity of common facts to be proved at trial.  The undersigned therefore finds that the

general rule should be applied and the defendants should be tried together. Accordingly, the undersigned finds Blevins' argument to be without merit and her motion to sever will be denied.

Defendants, Bell, Wells, Sanders and Anderson  have all adopted Blevins's motion.  However, as discussed previously, the foundation of Blevins's argument, much like her motion to dismiss, is that her case should be severed because she has been charged only with theft as opposed to wire fraud. This argument  is inapplicable to the adopting defendants because they are all charged with wire fraud in addition to theft of public money.  If the case against Blevins should not be severed under Fed. R. Crim. P. 8, the cases of the adopting defendants should not be severed either. Accordingly, the undersigned finds the adopting defendants' argument to be without merit.

## Severance based on prejudice under Fed. R. Crim. P. 14

Blevins argues that she played a small role in the overarching conspiracy and the evidence against the other co-defendants would have a "spill-over" effect when much of the evidence against the other defendants would not be admissible in a separate trial.  She claims that the allegations are extremely damaging to her and no cautionary instruction could prevent the jury from using evidence from the other

22

counts to convict her.  Defendants Bell, Wells, Sanders and Anderson adopt the motion.

Fed. R. Crim. P. 14, Relief from Prejudicial Joinder, provides in pertinent part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

When an indictment alleges the defendants participated in the same conspiracy, joinder is generally proper under Fed. R. Crim. P. 8(b). <u>United States v Rochoa</u>, 916 F.2d 219, 228 (5th Cir. 1990) *cert. denied,* 500 U.S. 934, 111 S.Ct. 2057 (1991); <u>United States v. Broussard</u>, 80 F.3d 1025,1036 (5th Cir. 1996). With regard to when a severance may otherwise be necessary due to prejudice under Fed. R. Crim. P. 14, the Supreme Court held in <u>Zafiro v. U.S.</u>, 506 U.S. 534, 539, 113 S.Ct. 933, 938 (U.S. 1993)(citations omitted):

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a

23

codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in Richardson v. Marsh, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. See 481 U.S., at 211, 107 S.Ct., at 1709.

The Fifth Circuit has noted further that, "[n]either a quantitative disparity in the evidence nor a prejudicial spillover effect is sufficient in and of itself to warrant a severance." Broussard, at 80 F. 3d at 1037; Rochoa, 916 F.2d at 228.

Blevins does not show a "specific and compelling prejudice" to her by a joint trial, nor does she show how such a trial would "compromise a specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. 534, Broussard, 80 F.3d 1037; United States v. Mitchell, 31 F.3d 271, 276 (5th Cir.) Cert. Denied, 513 U.S. 977 (1994). To the contrary, Blevins's argument is conclusory.

There is no defendant or group of defendants that are charged with a disproportionate number of counts and/or have markedly different degrees of

culpability.  All defendants are in a similar position as Blevins, with some being charged with less counts than she and some with  more.   The undersigned finds that any danger of "spill-over" evidence can be remedied by a cautionary instruction and thus concludes that Blevins has not shown the "specific and compelling prejudice" required in order to necessitate a severance of the charges against her.

The adoption by Bell, Wells, Sanders and Anderson is even less persuasive given the allegations of the indictment against these defendants.  Accordingly, the undersigned concludes that these defendants' argument that their case should be severed to avoid prejudice that would result in an unfair trial is meritless.

**4.** **Motion for Additional Discovery** - filed by defendant Blevins and adopted by defendants Wells, Sanders and Anderson (Rec. Docs. 144, 208, 211, 213).

Blevins (and presumably the defendants who have adopted her motion) seeks:  1) a copy of any recording of her interview conducted by government agents; 2) recordings of any statements of any co-defendants; 3) line-up photos; and 4) a statement of whether any wire or oral communication was intercepted.

**Recording of Blevins's Interview and Line-Up Photographs**

The Government states that there is no recording of a statement given by Blevins and no line-up photos.  Accordingly, Blevins's motion to obtain these

items will be denied as moot. To the extent the government has line-up

photographs or recordings of statements given by the defendants who have adopted

this motion, the Government is ordered to produce them to the respective

defendants for whom these items would be applicable.

## Recorded Statements of Co-Defendants

Blevins makes her request under Brady v. Maryland, 373 U.S. 83, 86, 83

S.Ct. 1194, 1196 (U.S. 1963), arguing that recorded statements by co-defendants

may be exculpatory, especially if they make no reference to her.

Exculpatory information must be provided per the scheduling order no later

than seven (7) days prior to trial (Rec. Doc. 118, p. 5). Accordingly, the motion of

Blevins (and the defendants who have adopted the motion) for the production of

recorded statements by co-defendants, to the extent they fall within Brady v.

Maryland, will be denied as premature with the right to re-urge in accordance with

the scheduling order.

## Whether wire and/or oral communication has been intercepted

Blevins requests (and Bell, Wells, Sanders and Anderson do so by adoption)

that the government state whether or not any wire and/or oral communication has

been intercepted. The government is required to provide this information as per the

criminal scheduling order ((The government shall state whether the government

26

counsel's file or other source known to him or her indicates that any wire or oral

communications have been intercepted.  (See 18 U.S.C. §2515-2518)) (Rec. Doc.

118, Section II Discovery, Section (a) (5)).  Accordingly, to the extent this has not

already been disclosed pursuant to the Scheduling Order, this request will be

granted.

5.   **Motion *In Limine* to Exclude Testimonial Hearsay Statements of Alleged Co-conspirators** filed by defendant Blevins and adopted by defendants Gray, Williams, Bell, Wells, Sanders and Anderson. (Rec. Docs. 147, 162, 166, 189, 210, 212 and 214)

Blevins states that Sanders, Harrison, and Bell have given statements to

Secret Service Agents; and further, that written and oral statements have been

given by her co-defendants to agents of the government. The moving defendants

have no reason to believe these individuals will testify at trial and the admission of

their statements would violate their right to confrontation.  *See* Crawford v.

Washington, 541 U.S. 36, 68, 124 S. Ct. 1354, 1373 (U.S.2004), in which the

Supreme Court held that the Sixth Amendment bars the admission of "testimonial"

hearsay against a criminal defendant unless the declarant is unavailable and the

defendant had a prior opportunity for cross-examination.

Drawing a distinction between statements made by a co-conspirator to law

enforcement officers in furtherance of a conspiracy and statements made by a co-

conspirator to law enforcement officers during interrogation, the government concedes the latter is inadmissible and will not attempt to introduce them at trial. Even then, the government reserves the right to introduce the statements at trial as prior inconsistent statements should a defendant testify inconsistently citing United States v Sisto, 534 F.2d 616, 622 (5th Cir 1976). In this instance, the other defendants would presumably be able to confront the witness, and therefore, confrontation is not at issue.

Second, the government argues that if the defendant chooses to cooperate with the government and defense argues recent fabrication, the government could use the statement against this defense argument citing United States v. Powers, 168 F.3d 741, 750 (5th Cir. 1999).

Third, the government contends it can use a co-defendant's own statements against himself after they are "sanitized" to delete statements made by other defendants under Bruton v. U.S., 391 U.S. 123, 125, 88 S.Ct. 1620, 1622 (U.S. 1968). Therefore, a statement in which a co-dofendant admits their criminal activity would be admissible provided any statements about the moving defendants were removed prior to its admission citing United States v. Ramos-Cardenas, 524 F.3d 600, 609-610 (5th Cir. 2008).

Accepting the concession by the government at face value, as correctly pointed out by Blevins, jurisprudence following <u>Crawford v. Washington,</u> suggests whether a statement constitutes "testimonial" hearsay cannot be addressed in a vacuum . However, without the content or context of the statements, the undersigned is not capable of determining the "testimonial" nature of the statements much less its potential admissibility or lack thereof beyond the tenets of the existing jurisprudence. Defendants' motion *in limine*, therefore, will be denied as premature, as modified by the government's reservation of rights, without prejudice to re-urge any objection as to the admissibility of any statement by a co-conspirator at the time of trial.

### *CONCLUSION*

For the foregoing reasons, it **is recommended** that the motions to dismiss filed (Rec. Docs. 146, 191, 209, 212 and 214) be **denied**; the motions for bill of particulars (Rec. Docs. 143, 177, 207, 211 and 213) are **granted in part and denied in part**; the motions to sever (Rec. Docs. 148, 193, 210, 212 and 214) are **denied**; the motions for additional discovery (Rec. Doc. 144, 208, 211 and 213) are **granted in part, denied in part as premature and denied in part as moot**; and the motions *in limine* (Rec. Docs. 147, 162, 166, 189, 210, 212, and 214) are **denied as premature**.

30

upon grounds of plain error.  *See* <u>Douglass v. United Services Automobile</u>

<u>Association</u>, 79 F.3d 1415 (5th Cir.  1996).


PATRICK J. HANNA
MAGISTRATE  JUDGE